OPINION
PER CURIAM.
Monroe Merritt appeals pro se from the District Court’s order dismissing his complaint and denying his motions for leave to amend. For the following reasons, we will vacate the District Court’s judgment and remand for further proceedings.
I.
Merritt is a Pennsylvania state prisoner serving a sentence of life imprisonment. In 2007, he filed suit pro se against various medical professionals and Department of Corrections employees under 42 U.S.C. § 1983, asserting an Eighth Amendment claim that they have been deliberately indifferent to his medical needs. He also asserted a claim for medical malpractice under state law. We take the following factual allegations as true for purposes of this appeal. See Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
Merritt has the Hepatitis C virus (“HCV”) and has tried repeatedly for many years to obtain treatment but has been refused. Merritt alleges that he began seeking a combined drug treatment for HCV with Interferon and Ribavirin in 1998. In 2000, a physician’s assistant initially told him that he had to complete drug and alcohol therapy before receiving the treatment. Merritt completed the therapy in 2001 and again requested treatment. Defendants Fairman and Howard-Diggs (both physician’s assistants), however, told him that his white blood cell count was too low to receive treatment. Merritt *744 alleges he was ultimately approved for the treatment in 2003 (by a psychiatrist), but does not allege why the treatment was never begun.
In 2005, Merritt’s liver condition began to deteriorate, which he attributes to medication he was prescribed after a tooth extraction. Merritt again began seeking treatment. In 2007, defendant Falor (a physician) told Merritt that his liver function test numbers were “all out of wack,” but denied treatment and told Merritt to “pray.” Merritt was referred to defendant Jin (another physician), but he too denied treatment. Merritt alleges that Jin refused to consider the effect of the medication he had been taking on his liver. He also alleges that, while he was reviewing his medical records, he overhead a physician’s assistant tell a technician that he had “shredded all of plaintiffs sick call requests.”
Shortly thereafter, he again requested treatment, but defendant Howard-Diggs told him that he had not qualified for treatment under the Department of Corrections HCV treatment protocol for the past two and one-half years because he had turned 50 years of age. He alleges that he finally obtained a copy of that protocol and learned that his white blood cell count had in fact been within the protocol range for treatment in 2001 and that the protocol contemplates treatment until the age of 60, not 50 as Howard-Diggs had told him. After filing multiple grievances, he filed the instant suit, seeking both an injunction requiring defendants to provide him with HCV treatment and monetary damages. He filed along with his complaint a motion for the appointment of counsel, which a Magistrate Judge denied. Merritt timely appealed that ruling to the District Court, but the District Court never ruled on his appeal.
The defendants filed motions to dismiss Merritt’s complaint under Rule 12(b)(6). Merritt thereafter filed a motion for leave to amend his complaint, a second motion for leave to amend his complaint, and several “addenda” in support of his motions to amend. By these filings, he sought to include the following additional allegations. In 2004, medical staff denied him treatment on the grounds that his “ALT and AST values” were normal and told him that he could not receive treatment until those values were at least three times normal, though normal ALT and AST values are not exclusionary criteria for treatment under the protocol. Then, in 2005, he received a liver biopsy, which revealed that his ALT and AST values were over six and one-half and five and one-half times normal, respectively, but that he was still refused treatment.
Merritt further alleges that, in 2007, defendant Falor, the physician defendant who had told him to “pray” after denying him treatment, also told him “that whenever the SCI Greene medical staff met for their staff meetings, and the question of what they are going to do about inmates with Hepatitis C comes up, SCI Greene medical staff members just shrug their shoulders, indicating nothing.” He also alleges that, during that same year, defendant Jin reviewed his most recent liver test and told him that “it looks bad” but that “I will not be treated.” Finally, he alleges that he obtained from defendants in discovery a 1996 letter from a Dr. Frederick Ruthardt, whom he characterizes as “defendants’ own specialist,” stating that Merritt “would be an excellent candidate for therapy with alpha interferon” and “would benefit from the treatment.” Merritt alleges that defendants’ refusal to provide treatment has caused his liver condition to deteriorate and may lead to his death.
The Magistrate Judge issued a Report and Recommendation recommending that *745 the District Court dismiss Merritt’s Eighth Amendment claim for failure to state a claim and his malpractice claim for failure to comply with Pennsylvania’s certificate of merit requirement. He also recommended denying Merritt’s motions to amend on the grounds that amendment would be futile. The District Court followed that recommendation by order entered August 1, 2008, 2008 WL 2967528. Merritt appeals.
II.
We have jurisdiction pursuant to 28 U.S.C. § 1291. On appeal, Merritt challenges the dismissal of his complaint and the denial of his motions for leave to amend. We review the first of those rulings de novo, see Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.2008), and the second for abuse of discretion, see Singletary v. Pa. Dep’t of Corr., 266 F.3d 186, 193 (3d Cir.2001).[1]
We begin by addressing a procedural wrinkle identified by neither the parties nor the District Court. After Merritt filed his initial complaint and defendants filed their motions to dismiss, Merritt filed his first motion “for leave” to file an amended complaint. Merritt, however, was entitled to file that amended complaint as of right. Defendants’ motions to dismiss were not “pleadings,” see Fed. R.Civ.P. 7(a), so Merritt remained entitled to amend his complaint once as a matter of course, see Fed.R.Civ.P. 15(a)(1). Thus, the District Court should have construed Merritt’s initial motion, to which his amended complaint was attached, as the filing of that amended complaint. That filing would have rendered moot defendants’ motions to dismiss. See Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir.2002). Technically speaking, then, there were no motions to dismiss properly pending when the District Court dismissed Merritt’s complaint.
In any event, we believe that the District Court’s dismissal of Merritt’s complaint and denial of leave to amend were erroneous on the merits, and we address those issues in tandem under the posture presented here. “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim for relief that is plausible on its face.’ A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.’” Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Complaints filed pro se, like Merritt’s, must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 93-96, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Before dismissing a complaint, “a district court must permit a curative amendment unless such an amendment would be inequitable or futile.” Phillips, 515 F.3d at 245.
In this case, Merritt’s Eighth Amendment claim required him to allege that the defendants (1) were deliberately indifferent to (2) his serious medical needs. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir.2004). There is no dispute that HCV constitutes a serious medical need. Instead, the District Court dismissed this claim and denied leave to amend on the grounds that Merritt had not adequately *746 alleged that defendants were deliberately indifferent to that need. “We have found ‘deliberate indifference’ in a variety of circumstances, including where a prison official (1) knows of a prisoner’s need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.” Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999). Deliberate indifference, however, requires more than mere malpractice or disagreement with a particular course of treatment. See Spruill, 372 F.3d at 235.
The Magistrate Judge thought Merritt’s claim deficient as a matter of law because his own allegations show that defendants have repeatedly monitored and tested him and have determined that he does not qualify for HCV treatment. In reaching that conclusion, the Magistrate Judge relied primarily on responses by certain defendants and others to Merritt’s grievances that he attached to his initial complaint. As the Magistrate Judge noted, those responses indicate that Merritt has been tested and that certain defendants and others have concluded that he is not a candidate for combined drug treatment for various reasons.[2] Thus, the Magistrate Judge reasoned that Merritt’s allegations show that he merely disagrees with defendants’ medical judgment and insists on the treatment of his choice.
If that were all that Merritt alleged, then the Magistrate Judge would be right. Merritt, however, makes many other specific factual allegations that the Magistrate Judge did not discuss and that, taken as true as they must be at this stage, raise an inference of deliberate indifference. For example, Merritt alleges that one of defendants’ own specialists recommended him for treatment as long ago as 1996 but that defendants fraudulently concealed that information from him until he finally filed suit. He also alleges that he is within the protocol for treatment, though various defendants have falsely told him otherwise. Thus, as Merritt argues, he claims to seek, not merely the treatment of his own choice, but treatment that has been recommended by a specialist and that is called for by the Department of Corrections protocol.
Moreover, his allegations permit the inference that defendants may have nonmedical reasons for refusing to provide this treatment. For example, he alleges that defendant Falor told him both that medical staff merely “shrug their shoulders, indicating nothing” when the subject of HCV treatment arises at staff meetings and that Merritt would not receive treatment though his liver numbers were “all out of wack” and that he should instead “pray.” He also alleges that he overheard a physician’s assistant admit to having shredded his sick call requests. Finally, he alleges that has been denied treatment for at least five different reasons over the years, most of which he alleges were fabricated.
Taken together, and in light of Merritt’s pro se status, we believe that these specific factual allegations permit the inference that at least some defendants have acted with deliberate indifference to Merritt’s medical needs. Thus, for pleading purposes, Merritt’s factual allegations have “ ‘nudged his claim ... across the line from conceivable to plausible.’ ” Iqbal, 129 *747 S.Ct. at 1951 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). For that reason, the District Court should not have dismissed Merritt’s complaint without leave to amend and should not have denied his motions for leave to amend as futile. Accordingly, we will vacate the dismissal of Merritt’s complaint and remand with an instruction to allow him to file an amended complaint.[3]
Merritt also challenges the Magistrate Judge’s order denying his motion for the appointment of counsel. Merritt timely appealed that order to the District Court, but the District Court never addressed it. Because the Federal Magistrate Judges Act contemplates a first level of review in the District Court, see 28 U.S.C. § 636(b)(1)(A), we will not reach that issue in the first instance. Instead, Merritt’s appeal to the District Court will remain pending on remand. Although we do not address the merits of the Magistrate Judge’s ruling, we observe that the potential merit and medical complexity of Merritt’s claims may warrant the appointment of counsel in the District Court. See Montgomery v. Pinchak, 294 F.3d 492, 501-06 (3d Cir.2002) (holding that District Court abused its discretion in refusing to appoint counsel for prisoner asserting potentially-meritorious claim of deliberate indifference to medical needs); Parham v. Johnson, 126 F.3d 454, 458-461 (3d Cir.1997) (same).[4]

. Merritt also challenges the District Court’s (1) denial of his motion for counsel, (2) denial of a motion for discovery he sought to respond to defendants’ motions to dismiss, and (3) application of Pennsylvania’s certificate of merit requirement. In light of our disposition and the posture of this case, we do not reach these issues, though we briefly discuss the issue of counsel below.

. The responses state that Merritt is not a candidate for treatment because he is "asymptomatic,” his biopsy showed "grade 1 inflamation and no fibrosis,” and because his lab tests have shown improvement in his liver condition. Merritt, however, alleges that his liver condition continues to deteriorate. The Magistrate Judge properly did not purport to resolve that factual issue at the pleading stage.

. Defendants moved to dismiss Merritt's complaint on other grounds, including the statute of limitations and failure to exhaust his claims against one defendant. The District Court did not address those arguments, and we will not do so in the first instance on the record presented here.

. As the Department of Corrections defendants note in their brief, we previously denied Merritt's motion for the appointment of counsel in this Court. Although it should go without saying, many of the considerations relevant to the appointment of counsel in a trial court are not relevant to the appointment of counsel in an appellate court. See Montgomery, 294 F.3d at 498-99.